ARTHUR J. RIESER CO., Inc., v. CITY OF NEW YORK.

(Supreme Court, Appellate Term, First Department.  February 13, 1914.)

1. MUNICIPAL CORPORATIONS (§ 328*) — CONTRACTS — VALIDITY AND SUFFICIENCY.

   The chief clerk of a Magistrate's Court of the city of New York cannot bind the city by a contract for alterations in premises used by the court, since, in the absence of an emergency, the city can only be bound in the manner provided by Greater New York Charter (Laws 1901, c. 466) § 419.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 851; Dec. Dig. § 328.*]

2. MUNICIPAL CORPORATIONS (§ 293*)—ORDINANCES AND BY-LAWS IN GENERAL —CONSTRUCTION.

   A resolution of the Board of Estimate of March 7, 1912, held not to impose upon the city any legal liability for work done, where under the charter no such liability exists.

   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 773–775; Dec. Dig. § 293.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Arthur J. Rieser Company, Incorporated, against the City of New York.  From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued January term, 1914, before LEHMAN, PAGE, and BIJUR, JJ.

Archibald R. Watson, Corp. Counsel, of New York City (Terence Farley and Clarence L. Barber, both of New York City, of counsel), for appellant.

Eugene I. Gottlieb, of New York City, for respondent.

LEHMAN, J.  [1] The plaintiff performed certain work in making alterations in a courtroom of one of the Magistrate's Courts under a written contract with the city.  When the work under the written contract had been performed, according to the plans and specifications, the chief clerk of the Magistrate's Court found that the complaint desk was built too high.  He testifies:

"I told Mr. Rieser that as the work was, it would not be practicable and could not be used, and I also called his attention to what alterations were necessary."

Thereafter the plaintiff made these alterations upon the chief clerk's written order, and has now recovered judgment for the cost of the work done.

The charter provides exactly how the city can be bound by contract, and it fails to give the chief clerk of the Magistrate's Court any power to bind the city by alterations in premises used by the Magistrate's

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Court. Certainly no clerk of a court, in the absence of express provision of law, has power to bind the city to pay for alterations or work done under written contract of the city, in pursuance of plans and specifications, merely because he thinks these plans and specifications not "practicable."

[2] It is too well established to require citation that at least in the absence of an emergency, where overwhelming necessity requires immediate performance of work, the city can be held liable only for work authorized as provided in section 419 of the Greater New York Charter (Laws 1901, c. 466). The learned trial justice recognized this rule, but held that a resolution adopted by the board of estimate on March 7, 1912, authorized an action for the actual outlay of the contract, where work has been done in good faith for the city, but not done in the manner required to create a legal liability on the part of the city. This resolution was obviously by its terms never intended to, and could not, impose upon the city any legal liability where under the charter no legal liability existed, and is entirely immaterial to this cause of action.

Judgment should therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.